UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TOMAS GONZALEZ,

        Plaintiff,     11 Civ. 3965 (LBS)

  -against-

                **ANSWER**

LIZZIE GRUBMAN PUBLIC RELATIONS, INC.
and ELIZABETH GRUBMAN,

        Defendants.

-------------------------------------------------------------------x

  Defendants Lizzie Grubman Public Relations, Inc. ("LGPR") and Elizabeth Grubman ("Grubman") (collectively, the "defendants"), through their undersigned counsel, hereby answer the correspondingly numbered paragraphs of the Complaint of plaintiff Tomas Gonzalez, as follows:

  1.  The allegations set forth in this paragraph of the Complaint state a conclusory summary of what plaintiff purports to allege in his Complaint. To the extent that said allegations require a response, defendants admit that plaintiff makes certain allegations against defendants in the Complaint, and deny the substance of those allegations or that defendants acted unlawfully or are liable to plaintiff on any basis or in any amount, whether as asserted in the Complaint or otherwise.

  2.  The allegations set forth in this paragraph of the Complaint state a conclusory summary of what plaintiff purports to allege in his Complaint. To the extent that said allegations require a response, defendants admit that plaintiff makes certain allegations against defendants in the Complaint, and deny the substance of those

allegations or that defendants acted unlawfully or are liable to plaintiff on any basis or in any amount, whether as asserted in the Complaint or otherwise.

3. The allegations set forth in this paragraph of the Complaint state legal conclusions to which no response is required.

4. The allegations set forth in this paragraph of the Complaint state legal conclusions to which no response is required, although, in so answering, defendants deny that they are liable to plaintiff in any amount.

5. The allegations set forth in this paragraph of the Complaint state legal conclusions to which no response is required.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph of the Complaint. Defendants admit that plaintiff was employed by LGPR as a driver for approximately 11 years, and deny the remaining allegations set forth in this paragraph of the Complaint.

7. Admitted.

8. Admitted.

9. Defendants admit the allegations set forth in the first sentence of this paragraph of the Complaint. Defendants deny the remaining allegations set forth in said paragraph and, in so answering, deny that either Grubman or LGPR are liable to plaintiff on any basis or in any amount, whether as asserted in the Complaint or otherwise.

10. Admitted.

11. Defendants admit that plaintiff provided certain services as a driver for LGPR, including providing such services to LGPR's president, Grubman.

12. Defendants admit the allegations set forth in the first sentence of this paragraph of the Complaint. The allegations set forth in the second sentence of said paragraph state legal conclusions to which no response is required.

13. Admitted.

14. Denied.

15. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required.

16. Denied.

17. Denied.

18. Denied.

19. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required.

## COUNT I

20. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required, although, in so answering, defendants deny that Grubman was Gonzales' "employer," whether within the meaning of the statute cited in said paragraph or otherwise.

21. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required, although, in so answering, defendants deny that Gonzalez was "employed" by Grubman, whether within the meaning of the statute cited in said paragraph or otherwise.

22. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required, although, in so answering, defendants deny

that Grubman was or is an "enterprise engaged in commerce or in the production of goods for commerce," whether within the meaning of the cited statute or otherwise.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT II

27. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required, although, in so answering, defendants deny that Grubman was Gonzales' "employer," whether within the meaning of the statute cited in said paragraph or otherwise.

28. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required, although, in so answering, defendants deny that Gonzalez was an "employee" of Grubman, whether within the meaning of the statute cited in said paragraph or otherwise.

29. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required, although, in so answering, defendants deny that Gonzalez was "employed" by Grubman, whether within the meaning of the statute cited in said paragraph or otherwise.

30. Denied.

31. Denied.

32. Denied.

## COUNT III

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## AS TO PLAINTIFF'S JURY DEMAND AND PRAYER FOR RELIEF

38. Defendants deny that plaintiff is entitled to any of the relief he seeks in the Jury Demand and Prayer for Relief clauses of the Complaint, including subdivisions (A) through (D) thereof.

39. Defendants deny each and every allegation of the Complaint not specifically admitted herein and deny that plaintiffs are entitled to any relief of any kind.

## AFFIRMATIVE AND OTHER DEFENSES

As and for their affirmative and other defenses, defendants state as follows:

## FIRST DEFENSE

40. The Complaint is barred, in whole or in part, and/or recovery is precluded, because it fails to state facts sufficient to constitute a cause of action against any defendant or to set forth a claim upon which relief can be granted.

## SECOND DEFENSE

41. The Complaint is barred in whole or in part because there was never any direct joint and/or single employment relationship between plaintiff Gonzalez and Grubman.

5

## THIRD DEFENSE

42. The Complaint is barred, in whole or in part, and/or recovery is precluded, because plaintiff was properly classified as "exempt" at all relevant times alleged in the Complaint and therefore he is not entitled to minimum wages or overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") inasmuch as plaintiff was employed in a bona fide professional capacity as such term has been defined by the (i) FLSA, its regulations and the rulings thereunder; (ii) NYLL and 12 N.Y.C.R.R. § 142-2.2 and the rulings thereunder; and/or (iii) NYLL and 12 N.Y.C.R.R. §§ 142-2.14 and the rulings thereunder.

## FOURTH DEFENSE

43. The Complaint is barred, in whole or in part, and/or recovery is precluded, because the plaintiff was properly classified as "exempt" at all relevant times alleged in the Complaint and therefore he is not entitled to minimum wages or overtime compensation under the FLSA and the NYLL inasmuch as plaintiff performed a combination of exempt duties as such term has been defined by the (i) FLSA, its regulations and the rulings thereunder; and (ii) NYLL and 12 N.Y.C.R.R. § 142-2.2 and the rulings thereunder.

## FIFTH DEFENSE

44. The Complaint is barred, in whole or in part, and/or recovery is precluded, because plaintiff has received payment of all sums which may have been due under the FLSA and/or the NYLL and their respective regulations.

## SIXTH DEFENSE

45. If the unlawful acts and/or omissions alleged in the Complaint were engaged in by the defendants, which they deny, the defendants did not do so willfully. Accordingly, pursuant to section 6(a) of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255(a), plaintiff's claims under the FLSA are barred, in whole or in part, and/or recovery is precluded by the statute of limitations.

## SEVENTH DEFENSE

46. The claims of plaintiff are barred, in whole or in part, and/or recovery is precluded by the applicable statute of limitations under the NYLL.

## EIGHTH DEFENSE

47. Defendants did not willfully commit any alleged violation of the NYLL and its regulations.

## NINTH DEFENSE

48. At all times relevant to this action the defendants acted lawfully and in good faith and in a non-reckless manner and, although they deny the allegations of unlawful conduct as set forth in the Complaint, had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not violative of the FLSA and the NYLL and their respective regulations.

## TENTH DEFENSE

49. The Complaint is barred, in whole or in part, and/or recovery is precluded, because plaintiff has pled no facts demonstrating that he is entitled to recover liquidated damages and defendants have at all times compensated him in good faith and with a

reasonable ground for believing he was paid in compliance with the FLSA pursuant to the Portal-to-Portal Act, 29 U.S.C. § 260 and the NYLL and their respective regulations.

## ELEVENTH DEFENSE

50. Defendants have acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

## TWELFTH DEFENSE

51. The Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## THIRTEENTH DEFENSE

52. The Complaint is barred, in whole or in part, because plaintiff was paid a salary for working a fluctuating work week, and, without conceding any liability to plaintiff, as pled, he at most would be entitled to half-time overtime compensation.

## FOURTEENTH DEFENSE

53. Pursuant to 29 U.S.C. § 254, defendants are relieved of any liability for the minimum wage and overtime compensation claimed by plaintiff to the extent that the activities on which his claims for minimum wage and overtime compensation are based consisted of traveling to and from the actual place of performance of, and of activities preliminary and postliminary to, the principal activities of employment, because such activities were not compensable by either an express provision of any written or nonwritten contract or by any custom or practice in effect at the time of such activities;

or, if compensable by such contract, custom, or practice, the activities were not engaged in during the portion of the day with respect to which they were so made compensable.

## FIFTEENTH DEFENSE

54. Pursuant to the NYLL, defendants are not liable for the overtime compensation claimed by plaintiff to the extent that the activities on which his claims for overtime compensation are based could not be considered to be part of the duties of plaintiff's employment.

## SIXTEENTH DEFENSE

55. Some or all of plaintiff's claims may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

## SEVENTEENTH DEFENSE

56. Plaintiff is barred from recovering any damages, or any recovery must be reduced by virtue of his failure to exercise reasonable diligence to mitigate his alleged damages.

## EIGHTEENTH DEFENSE

57. The Complaint is barred, in whole or in part, because of the plaintiff's consent to and/or approval of any and all of defendants' alleged conduct, statements, and/or omissions.

## NINETEENTH DEFENSE

58. To the extent that defendants had no knowledge of the overtime work of the plaintiff and the conduct of the plaintiff prevented them from discovering such overtime work, defendants cannot be said to have suffered or permitted the work under the FLSA and/or NYLL, and thus are not liable for overtime compensation.

## TWENTIETH DEFENSE

59. Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to plaintiff's claims.

WHEREFORE, based on the averments and affirmative defenses set forth in this Answer, defendants respectfully request that this Court either dismiss plaintiff's Complaint, and all causes of action asserted therein, in their entirety or, in the alternative, grant judgment on plaintiff's claims in defendants' favor and against plaintiff; award defendants the costs and attorneys' fees that they incur in connection with their defense of this action; and grant such other and further relief as may be just and appropriate in the circumstances.

New York, New York  
August 8, 2011

ROSENBERG & GIGER P.C.

By: _____  
John J. Rosenberg (JR-5292)  
Brett T. Perala (BP-0913)  
488 Madison Avenue, 10th Floor  
New York, New York 10022

*Attorneys for Defendants*

To: Neil H. Greenberg, Esq.  
Neil H. Greenberg & Associates, P.C.  
900 Merchants Concourse  
Suite 314  
Westbury, NY 11590

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Brett T. Perala, an attorney admitted to practice in this Court, hereby certifies that the preceding Answer of defendants Lizzie Grubman Public Relations, Inc. and Elizabeth Grubman was served on this 8th day of August, 2011 via this Court's Electronic Case Filing system upon the following counsel of record: Neil H. Greenberg, Esq., Neil H. Greenberg & Associates, P.C., 900 Merchants Concourse, Suite 314, Westbury, New York 11590.

_____
Brett T. Perala